UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                 )<br>            Plaintiff,            )<br>                                 )<br>      v.                         )<br>                                 )<br> QUICKEN LOANS INC.,             )<br>                                 )<br>            Defendant.           )<br>                                 ) | Civil Action No. 15-0613 (RBW) |

**STIPULATED PROTECTIVE AND FRE 502(b) ORDER
FOR THE TREATMENT OF CONFIDENTIAL AND PRIVILEGED INFORMATION**

The United States of America ("United States" or "Government"), which includes the U.S. Department of Housing and Urban Development ("HUD") and its component, the Federal Housing Administration ("FHA"), has brought this action against Quicken Loans Inc. ("Quicken Loans")[1] asserting claims under the False Claims Act and common law theories of recovery. Discovery in this action will likely include the disclosure of information claimed by a party or non-party to be Federal Protected Information and Confidential Material (as defined herein). In order to permit the parties to discover and disclose Protected Information and Confidential Information relevant to this case without disclosing such information to the public and to afford the parties and third parties options to facilitate document productions while avoiding waivers of potential privileges, pursuant to Rule 26 of the Federal Rules of Civil Procedure ("Rules") and Federal Rule of Evidence ("FRE") 502(b), the parties agree and it is hereby:

---

[1] Herein, the United States (including, but not limited to, HUD and its component, FHA) and Quicken Loans are each referred to as a "party" and collectively as the "parties." Persons other than the parties are referred to as "third-parties."

ORDERED that, pursuant to the terms of this Protective Order and except as otherwise provided, the Government is authorized to produce unclassified information otherwise protected by the Privacy Act (5 U.S.C. § 552a, *et seq.*); the Trade Secrets Act (18 U.S.C. § 1905); and other non-disclosure statutes that protect from release personal privacy, trade secret, or personal financial information (collectively "Federal Protected Information") without obtaining prior written consent of the individuals or entities to whom such records pertain provided that such information is produced as part of discovery in, or other exchanges between the parties concerning, this litigation. The Government hereby is authorized by law to produce information in discovery otherwise subject to the Trade Secrets Act and this Order shall constitute an order entered pursuant to 5 U.S.C. § 552a(b)(11) of the Privacy Act. Nothing in the Protective Order is intended to limit or preclude in any way the Government's rights on its own to access and review documents containing Federal Protected Information or either party's objection that the production and/or use of certain identified highly sensitive Confidential Material must be restricted to particular persons, including litigation counsel of record;[2] and it is further

ORDERED, that the parties hereby stipulate to the entry of a Protective Order as follows:

1. "Confidential Material," as used herein, means information the disclosure of which to or by the receiving party would, in the good faith belief of the producing party, result in the disclosure of one or more of the following categories of information: (i) proprietary financial or commercial information or material, trade secrets, or other competitively sensitive information within the meaning of Rule 26(c)(1)(G) which, if revealed publicly, would cause harm to a

---

[2] The parties have been unable to reach an agreement as to whether certain documents responsive to discovery requests constitute highly sensitive materials or materials that should be limited to attorneys' eyes only, and if so, whether such documents warrant heightened protection, if at all.

designating party's business interests; (ii) information kept in a United States system of records that is subject to the provisions of the Privacy Act, 5 U.S.C. § 552a; (iii) information that Quicken Loans or a designating third-party is prohibited from releasing publicly pursuant to contracts, statutes, regulations, or rules; (iv) other Federal Protected Information; and (v) any other personal privacy information protected from disclosure by law. Subject to the provisions of Paragraph 8 below, information produced will be deemed Confidential Material when so designated in the manner described in Paragraph 2 below or as otherwise agreed between the parties.

      2.      The designation of Confidential Material may be made by the producing party or third-party by placing or affixing prominently on produced documents the word "CONFIDENTIAL," indicating the confidential nature of the documents. The designating party shall also indicate that Confidential Material is being produced in a cover letter, email, or other correspondence when a production containing any such materials is made and include a field in the accompanying electronic load file(s) identifying each document containing such a designation. Any party or third-party also may designate as Confidential Material any documents, information, or material received from the other party and material received from third-parties or produced or exchanged in this action; such designation shall be made by notifying the other party by letter, email, or other correspondence. Stamping the word "CONFIDENTIAL" on the cover of any multi-page document will designate all pages of the document as Confidential Material unless otherwise indicated by the producing party or third-party. Any electronically stored information, including electronically stored information produced in native file format, may be designated Confidential Material by affixing a label on the tape or disk consistent with the above and/or by embedding a "CONFIDENTIAL" legend

within the file-name or electronic file so long as such legend does not obscure the electronically stored information being designated.

3. Any summary, extract, paraphrase, quotation, restatement, compilation, notes, exhibit, or copy containing Confidential Material, or any electronic image or database containing Confidential Material, will be subject to the terms of this Protective Order to the same extent as the material or information from which such summary, extract, paraphrase, quotation, restatement, compilation, notes, exhibit, copy, electronic image, or database is derived.

4. All materials previously produced or provided by the parties or third-parties, and any depositions taken by the parties in this action or any Civil Investigative Demand Testimony in connection with the United States' pre-suit investigation that led to this action prior to the entry of this Protective Order will also be subject to the terms of this Protective Order, including, but not limited to the terms of Paragraph 20. Any designation hereunder that such materials or depositions contain Confidential Materials must be made within 30 days of the entry of this Protective Order by written notice by the designating party or third-party to the other parties of the specific materials so designated. All materials previously produced or provided by the parties or third-parties, and any depositions taken, prior to the entry of this Protective Order that were marked with the legend "Proprietary and Confidential Information" or "Confidential" or similar designation, or that were otherwise designated similarly, are hereby designated "CONFIDENTIAL" under this Protective Order and shall be treated as containing Confidential Material.

5. Testimony regarding Confidential Material taken at a deposition, conference, hearing, or trial, may be designated as Confidential Material by counsel for the party or third-party that produced the underlying Confidential Material or by counsel of a party to protect the

interests of a third-party by making a statement to that effect on the record at the deposition or proceeding or in writing no later than 21 days after receipt of a certified transcript of the proceeding; to enable such post-testimony designations to be made, the testimony taken at a deposition, conference, hearing, or trial shall be treated as containing Confidential Material for a period of 21 days after the certified transcript. Arrangements must be made with the Court for treatment of any such judicial proceedings. Arrangements must also be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcripts containing Confidential Material, and to label such portions appropriately. Persons other than persons authorized to receive access to Confidential Material will be excluded from attendance during portions of depositions in this matter at which such Confidential Material is shown or discussed.

6. All counsel of record receiving copies of documents, transcripts, responses to written questions, or any other material or information designated as Confidential Material must maintain such Confidential Material in their possession in a manner sufficient to protect such material against unauthorized disclosure. This Protective Order applies to all vendors, including without limitation, any copy service or document storage companies. It is the responsibility of counsel of record to take reasonable steps to ensure that all of its vendors comply with this Protective Order.

7. Confidential Material will be used solely for the purpose of conducting litigation in this action, including settlement and appeals, and not for any business or other purpose whatsoever by any person having access to such material.

8. Confidential Material may be disclosed only (i) to current and former employees of and attorneys for the parties, (ii) to deposition or trial witnesses in connection with their actual

or potential testimony, (iii) to persons retained or designated to serve as an expert witness or consultant in this action and those employed by such experts to assist them in this action, (iv) to persons regularly employed in or by such attorneys' offices or offices assisting such attorneys in this matter, or (v) to other persons as reasonably necessary for the preparation, trial, appeal or settlement of the case identified herein.

9. Nothing contained in this Protective Order prevents or in any way limits or impairs the right of counsel for the United States to disclose to any agency of the United States any document or information regarding any potential violation of law or regulation or regarding any matter within that agency's jurisdiction or, subject to procedures that maintain the confidentiality of Confidential Material consistent with this Protective Order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation or regarding any matter within that agency's jurisdiction.

10. Nothing herein prevents or in any way limits or impairs the ability of the United States to provide any document or information to the Congress pursuant to a Congressional request; provided, however, that the United States must notify the Congressional entity requesting the documents that the Confidential Material has been produced pursuant to this Protective Order and must (provided that there are no objections interposed by the Congressional entity requesting the documents) use reasonable efforts to notify the party designating the documents as Confidential Material of the Congressional entity's request and the United States' response thereto. Nothing in this paragraph addresses Quicken Loans' response to similar Congressional requests.

11.     Any such person to whom Confidential Material is to be disclosed other than persons employed by counsel of record, Quicken Loans, and the United States and persons who obtain Confidential Material pursuant to a Congressional request as set forth in Paragraph 10, must first be advised by the attorney making the disclosure that pursuant to this Protective Order such person may not divulge any such Confidential Material to any other person not authorized under Paragraph 8 above to have access to such Confidential Material. The attorney must secure from each person an affidavit or declaration in the form attached hereto, stating that such person has read the Protective Order and agrees to be bound by it. Such affidavit or declaration must be maintained in the possession of the attorney securing the affidavit or declaration until further order of the Court. With respect to vendors assisting counsel of record in this action, such an affidavit or declaration may be obtained from the entity or relevant supervisor on behalf of all of the vendor's employees, along with reasonable written assurances that the employees or contractors of that vendor will be trained and will follow the restrictions set forth in this Protective Order.

12.     Subject to order of the Court, that portion of any pleading, motion, deposition transcript, or other document submitted or presented to or filed with the Court containing Confidential Material must be placed under seal and will not be available to persons other than the Court and authorized employees of the Court, the attorneys of record for the parties to the cases identified herein, and persons authorized by this Protective Order. The filing of materials designated under this order will conform with Local Civil Rule 5.4(f) and the Court's "Notice Regarding Privacy and Public Access to Electronic Case Files."

13.     Counsel will endeavor to avoid revealing Confidential Material in any oral hearings before the Court, except for trial. If any counsel finds it necessary to refer to

Confidential Material in any such oral hearings, counsel must notify the Court and all other counsel of record as soon as such necessity becomes apparent and propose whatever mechanism(s) may be available and appropriate to prevent disclosure of Confidential Material as a consequence of such oral hearings to persons other than those authorized by this Protective Order.

14. Further, in the event that any Confidential Material is used in any Court proceeding herein, the parties will attempt to further stipulate as to the procedures for use of Confidential Material in Court proceedings. If necessary, any dispute regarding the procedures for use of Confidential Material in Court proceedings will be submitted to the Court for resolution.

15. Nothing in the foregoing provisions of this Protective Order will be deemed to preclude the parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this Protective Order.

16. Nothing in the foregoing provisions of this Protective Order will be deemed to preclude the parties from objecting to the designation of documents or other discovery material as Confidential Material. Such objection must be made in writing, and must state the basis of the objection. The parties will endeavor to avoid piecemeal objections to a production.

    a. Within 15 days of any such objection, the parties shall attempt in good faith to resolve any disagreement concerning the designation. If no agreement is reached, the objecting party may file a motion or take pre-motion actions consistent with the

Court's Standing Orders regarding that objection requesting the Court to determine that the designation is improper.

  b. On any such motion or in connection with any such proceeding, the party claiming confidentiality shall bear the burden of demonstrating the confidentiality of the designated material under the terms of this Protective Order. The documents shall be treated as originally designated until the Court rules on such motion.

  17. Within 90 days after the final conclusion of the litigation of this action, including the final resolution of any appeals (or the expiration of the time in which to notice an appeal if no appeal is taken), the parties will undertake reasonable and prudent efforts to destroy or return to the producing party all Confidential Material. Notwithstanding the requirement to return or destroy all Confidential Material, counsel for the parties may retain (i) work product or attorney-client privileged material that incorporates Confidential Material (so long as that work product or attorney-client privileged information does not make verbatim reproduction of entire documents or portions of Confidential Material); (ii) a complete set of documents filed with the Court that incorporate any Confidential Material; and (iii) copies of Confidential Material directly and expressly relied upon to support or justify litigation decisions and recommendations made in connection with this litigation and pre-suit investigation. Any retained materials that contain Confidential Material shall remain subject to the provisions governing Confidential Material in this Protective Order.

  18. In the event of a disclosure of Confidential Material to a person not authorized to have had such disclosure made to him or her under the provisions of this Protective Order, and in the event the party responsible for having made or allowed such disclosure becomes aware of such disclosure, that party must immediately inform counsel for the party whose Confidential

Material has thus been disclosed of the nature and circumstances of such disclosure. The responsible party must also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the Confidential Material is made by anyone.

19. By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity.

20. Pursuant to FRE 502(b) and Rule 26(b)(5)(B), on demand, a receiving party must return to a producing party or third-party all copies of any material that the producing party or third-party identifies as privileged material that has inadvertently, notwithstanding reasonable procedures to withhold been produced in this action or that a third-party has produced. A request for such return shall be made by a party promptly upon discovery of the inadvertent disclosure. To the extent a receiving party has incorporated such material into documents protected themselves by applicable privileges, the receiving party shall sequester such materials to the greatest extent possible to prevent the continued use of material so designated under this Paragraph. The return and sequestration of materials under this Paragraph does not eliminate a receiving party's right to challenge such designation by motion to compel or otherwise or to seek other appropriate relief in connection with an exercise under this Paragraph.

21. Nothing contained herein restricts the United States' use of its records for official business or for other purposes consistent with other applicable laws and regulations. Nothing contained herein restricts Quicken Loans' use of its own records consistent with other applicable laws and regulations.

22. Nothing contained herein restricts any party's rights to provide, discuss, show, make available, or otherwise communicate information (including documents) that such party

...

has obtained or will obtain through means outside of discovery in this action consistent with other applicable laws, regulations, and other agreements regarding the use of the same.

23. This Protective Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Rules, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial, or to seek relief under the rules or statutes related to discovery (including, but not limited to, Rule 37).

24. Nothing in this Protective Order is intended to restrict the parties' ability to enter into additional mutual agreements between the parties as to the confidentiality or treatment of any documents or depositions or to modify the deadlines or other requirements regarding the designation of Confidential Materials set forth herein.

25. Any party may petition the Court for a modification of the terms of this Protective Order. The Court will have continuing jurisdiction to modify, amend, enforce, interpret, or rescind any or all provisions of this Protective Order, notwithstanding the final termination or conclusion of this action.

SO ORDERED:

May 4, 2016
Date

REGGIE B. WALTON
United States District Judge

&lt;PARTIES' SIGNATURE PAGES TO FOLLOW&gt;

Respectfully submitted,

| | |
|---|---|
| BENJAMIN C. MIZER<br>Principal Deputy Assistant Attorney General<br><br>CHANNING D. PHILLIPS, D.C. Bar #415793<br>United States Attorney<br><br>DANIEL F. VAN HORN, D.C. Bar #924092<br>Chief, Civil Division, U.S. Attorney's Office<br><br>By:     */s/ Brian P. Hudak*<br>　　　BRIAN P. HUDAK<br>　　　Assistant United States Attorney<br>　　　DANIEL HUGO FRUCHTER<br>　　　Special Assistant United States Attorney<br>　　　555 Fourth Street, NW<br>　　　Washington, DC 20530<br>　　　(202) 252-2549<br><br>MICHAEL D. GRANSTON<br>RENÉE BROOKER<br>SAMUEL J. BUFFONE<br>CHRISTOPHER R. B. REIMER<br>JOHN W. BLACK<br>Attorneys, Commercial Litigation Branch<br>P.O. Box 261, Ben Franklin Station<br>Washington, DC 20044<br>(202) 616-2945<br><br>*Attorneys for the United States of America*<br><br>Dated: May 2, 2016 | QUICKEN LOANS INC.<br><br>By its attorneys,<br><br>　　　*/s/ Jeffrey B. Morganroth*<br>Jeffrey B. Morganroth<br>**MORGANROTH & MORGANROTH, PLLC**<br>344 North Old Woodward Avenue, Suite 200<br>Birmingham, MI 48009<br>Tel.: 248.864.4000<br>Fax.: 248.864.4001<br>jmorganroth@morganrothlaw.com<br><br>Thomas M. Hefferon<br>**GOODWIN PROCTER LLP**<br>901 New York Avenue, NW<br>Washington, DC 20001<br>Tel.: 202.346.4000<br>Fax.: 202.346.4444<br>thefferon@goodwinprocter.com |